IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMAN SALOMON MYVETT, et al., | No. C-08-5797 MMC |
| Plaintiffs, | **ORDER TO SHOW CAUSE; DENYING DEFENDANT'S MOTION TO DISMISS WITHOUT PREJUDICE** |
| v. | |
| LITTON LOAN SERVICING, L.P., | |
| Defendant. | |

On January 30, 2009, the Court ordered plaintiffs to show cause, in writing and no later than February 13, 2009, why the above-titled action should not be dismissed for lack of subject matter jurisdiction, for the reason that plaintiffs' First Amended Complaint failed to allege the place of incorporation of defendant Litton Loan Servicing, L.P. (See Order filed Jan. 30, 2009 ("OSC"); see also FAC ¶ 2 (alleging "Litton Loan Servicing, L.P. is a corporation").) On February 13, 2009, plaintiffs responded to the Court's OSC by submitting a Second Amended Complaint ("SAC").[1] The SAC, however, contains contradictory allegations. In particular, plaintiffs appear to allege both that defendant is a corporation and that it is a limited partnership. (See SAC at 8:5-7 (alleging defendant "is domiciled, incorporated, and registered and is operating as a limited partnership in

---

[1] Although plaintiffs did not request, and were not granted, leave to file such SAC, the Court will consider the document.

Delaware"); id. at 8:8-11 (alleging defendant "was formed and created as a Delaware Corporation, and so, as a result, they are operating as a foreign limited partnership"). The citizenship of a partnership depends on the citizenship of each of such entity's partners. See Carden v. Arkoma Assocs., 494 U.S. 185, 195-96 (1990). Thus, if plaintiffs' SAC is interpreted to allege defendant is a limited partnership, the SAC is deficient as plaintiffs fail to allege therein the citizenship of the persons and/or entities who comprise said partnership. Consequently, plaintiffs' allegations concerning diversity of citizenship remain deficient.

Nor does the SAC sufficiently allege a federal question. See 28 U.S.C. § 1331. The SAC lists only two causes of action, both of which are based on state law. (See id. at 20:18-20 (listing "First Cause of Action (Quiet Title, Abuse of Process"); id. at 43:2-4 (listing "Second Cause of Action (Slander of Title, fraudulent conversion").) To the extent plaintiffs purport to assert additional causes of action based on references to federal statutes or the federal Constitution (see, e.g., SAC at 1:19-21 (stating "[t]he [c]omplaint is filed pursuant to Title 42, Sections 1983, 1985, and 1986"); id. at 20:4-5 (listing title of section as "First and Fourteenth Amendment/ Due Process Violations"), the SAC is deficient. Specifically, plaintiffs have failed to adequately allege defendant acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia," see 42 U.S.C. § 1983, or that defendant and at least one other person conspired to interfere with plaintiffs' civil rights, see 42 U.S.C. § 1985, or that defendant "neglect[ed] or refuse[d]" to prevent the "wrongs . . . mentioned in section 1985," see 42 U.S.C. § 1986.

Accordingly, plaintiffs are hereby ORDERED TO SHOW CAUSE, in writing and no later than March 6, 2009, why the instant action should not be dismissed for lack of subject matter jurisdiction and without prejudice to plaintiffs' filing their claims in state court. Plaintiffs may respond by filing a Third Amended Complaint, but if, in any such Third Amended Complaint, plaintiffs wish to assert causes of action not alleged in their First Amended Complaint, they shall file either a motion for leave to amend or a stipulation

indicating defendant has consented to such amendment. See Fed. R. Civ. P. 15(a)(2) (providing, where party has previously amended its pleading once, such party "may amend its pleading only with the opposing party's written consent or the court's leave").

In light of the above order, defendant's motion to dismiss, filed February 5, 2009, is hereby DENIED as moot and without prejudice to defendant's raising the arguments contained therein at a later date.

**IT IS SO ORDERED.**

Dated: February 19, 2009

MAXINE M. CHESNEY
United States District Judge

3