IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMAN SALOMON MYVETT, et al., | No. C-08-5797 MMC |
| Plaintiffs, | **ORDER STRIKING VERIFIED COMPLAINT; DISMISSING ACTION WITHOUT PREJUDICE** |
| v. | |
| LITTON LOAN SERVICING, LP, | |
| Defendants. | |

On February 19, 2009, the Court ordered plaintiffs to show cause, in writing and no later than March 6, 2009, why the above-titled action should not be dismissed for lack of subject matter jurisdiction, for the reason that plaintiffs' Second Amended Complaint failed to sufficiently allege either diversity of citizenship or any federal claim. (See Order filed Feb. 19, 2009 ("OSC"), at 2.) In said OSC, the Court informed plaintiffs that they could respond by filing a Third Amended Complaint, but if, in any such Third Amended Complaint, plaintiffs wished to assert causes of action not alleged in their First Amended Complaint, plaintiffs were required file either a motion for leave to amend or a stipulation indicating defendant had consented to such amendment. (See id. at 2-3.)

On March 2, 2009, plaintiff Deman Salomon Myvett responded to the Court's OSC by filing a "Verified Complaint for Declaratory and Injunctive Relief" ("Verified Complaint").[1]

---

[1] Regina Aguirre Myvett, a named plaintiff in the Complaint, the First Amended Complaint, and the Second Amended Complaint, is not a party to the Verified Complaint.

The Verified Complaint again fails to adequately allege diversity of citizenship. (See Verified Compl. ¶ 11 (alleging defendant is "a self-governing corporation existing and founded under the laws of the State of Delaware")); see also 28 U.S.C. § 1332(c)(1) (providing "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business"). Further, the Verified Complaint alleges only two causes of action, specifically, a Due Process claim under the United States Constitution and a non-specific claim for injunctive relief. Neither such cause of action was alleged in the First Amended Complaint, and neither a motion for leave to amend nor a stipulation indicating defendant has consented to such amendment has been filed.[2]

Accordingly, plaintiff's Verified Complaint is hereby STRICKEN, and the instant action is hereby DISMISSED without prejudice to plaintiff's filing a new action, either in state or federal court.

**IT IS SO ORDERED.**

Dated: March 6, 2009

_____
MAXINE M. CHESNEY
United States District Judge

---

[2] Plaintiff's characterization of his March 2, 2009 filing as a "Verified Complaint" appears to be an attempt to avoid the Court's order requiring plaintiffs to file a motion for leave to amend or a stipulation if they wished to assert, in any Third Amended Complaint, claims that were not alleged in their First Amended Complaint. Because the Verified Complaint was filed in the same action as the Complaint, as well as the First Amended Complaint and Second Amended Complaint, such Verified Complaint is, in fact, plaintiff's Third Amended Complaint.