**United States District Court**
**For the Northern District of California**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMAN SALOMON MYVETT, et al., | No. C-08-5797 MMC |
| Plaintiffs, | **ORDER GRANTING PARKER PACIFIC'S MOTION TO EXPUNGE NOTICE OF PENDENCY OF ACTION AND FOR ATTORNEY'S FEES AND COSTS** |
| v. | |
| LITTON LOAN SERVICING, LP, | |
| Defendant. | |

Before the Court is the Motion to Expunge Notice of Pendency of Action and for Attorney's Fees and Costs, filed February 23, 2009 and noticed for hearing April 10, 2009 by Parker Pacific Investments, LP ("Parker Pacific"), an entity not a party to the above-titled action. The time for filing opposition has passed, and no opposition has been filed. See Civ. L.R. 7-3(a) (providing "[a]ny opposition to a motion must be served and filed no less than 21 days before the hearing date"). Having read and considered the papers filed in support of the motion, the Court deems the matter appropriate for decision thereon, hereby VACATES the hearing scheduled for April 10, 2009, and rules as follows.

By the instant motion, Parker Pacific first seeks an order expunging the Notice of Pendency of Action recorded by plaintiffs in San Mateo County on January 20, 2009. "At any time after notice of pendency of action has been recorded, any party, or any nonparty with an interest in the real property affected thereby, may apply to the court in which the

action is pending to expunge the notice." See Cal. Code Civ. Proc. § 405.30. "[T]he court shall order the notice expunged if the court finds that the pleading on which the notice is based does not contain a real property claim."[1] See Cal. Code Civ. Proc. § 405.31. Further, the court "shall order that the notice be expunged if the court finds that the claimant has not established by a preponderance of the evidence the probable validity of the real property claim." See Cal. Code Civ. Proc. § 405.32.

Here, on March 10, 2009, the Court struck plaintiffs' Third Amended Complaint. (See Order filed Mar. 10, 2009 at 2.) Although plaintiffs have filed a Motion for Leave to File Amended Complaint, by which they seek to file a Fourth Amended Complaint, such motion has not yet been fully briefed, let alone determined by the Court. Consequently, at this time, there are no claims, and thus no real property claims, pending in the action. Moreover, as noted, plaintiffs have failed to file opposition to the instant motion; consequently, plaintiffs have failed to establish the probable validity of any real property claim that might be filed in the action should the Court grant plaintiff's motion for leave.[2]

Accordingly, to the extent Parker Pacific seeks expungement of the Notice of Pendency of Action, the motion will be granted.[3]

Parker Pacific also seeks attorney's fees and costs incurred in bringing the instant motion. In the context of a motion to expunge a notice of pendency of action, "[t]he court

---

[1] "'Real property claim' means the cause or causes of action in a pleading which would, if meritorious, affect (a) title to, or the right to possession of, specific real property or (b) the use of an easement identified in the pleading, other than an easement obtained pursuant to statute by any regulated public entity." See Cal. Code Civ. Proc. § 405.4.

[2] The Court further notes that the Notice of Pendency of Action was improperly recorded, as it was not signed by an attorney of record or approved by the undersigned, and the instant action is not one "by a public agency in eminent domain." See Cal. Code Civ. Proc. § 405.21 (providing "[a] notice of pendency of action shall not be recorded unless (a) it has been signed by the attorney of record, (b) it is signed by a party acting in propia persona and approved by a judge [of the court in which the action is pending], or (c) the action is subject to Section 405.6"); see also Cal. Code Civ. Proc. § 405.6 (providing "[i]n an action by a public agency in eminent domain . . . the issuance, service, and recordation of a notice of pendency of action shall be governed by Section 1250.150 and shall not be subject to Chapter 2 (commencing with Section 405.20)").

[3] Good cause appearing, the Court hereby affords Parker Pacific leave to intervene in the instant action.

shall direct that the party prevailing on any [such] motion . . . be awarded reasonable attorney's fees and costs of making or opposing the motion unless the court finds that the other party acted with substantial justification or that other circumstances make the imposition of attorney's fees and costs unjust." See Cal. Code Civ. Proc. § 405.38.

Here, the Court finds plaintiffs acted without substantial justification. In particular, none of the claims alleged in plaintiff's Complaint or First Amended Complaint state a "real property claim" as defined in § 405.4, and, to date, no additional complaint has been allowed. Moreover, as noted, plaintiffs recorded the subject notice without complying with the pre-recordation requirements of § 405.21. If plaintiffs had sought this Court's approval, as required by § 405.21, the notice would not have been approved. Under such circumstances, Parker Pacific is entitled to an award of the reasonable fees and costs it incurred in bringing the instant motion.

Parker Pacific seeks an award in the amount of $1250, comprising 3.5 hours of work performed on the motion to date at an hourly rate of $250, as well as an estimated additional 1.5 hours for preparation of a reply and attendance at the April 10, 2009 hearing. (See Declaration of Brenda Cruz Keith ¶ 4.) The Court finds the hourly rate and hours actually expended to be reasonable. As no reply was filed and no hearing will be conducted, however, the estimated fees attributable to that additional work will not be awarded.

Accordingly, Parker Pacific will be awarded its attorney's fees and costs in the amount of $875.

**CONCLUSION**

For the reasons stated above, the motion is hereby GRANTED, as follows:

1. The Notice of Pendency of Action recorded on January 20, 2009 in the office of the County Recorder of San Mateo County, as instrument 2009-004675 CONF, is hereby ordered expunged.

//

//

2.  Plaintiffs shall pay to Parker Pacific the sum of $875 for attorney's fees and costs.

**IT IS SO ORDERED.**

Dated: April 8, 2009

_____
MAXINE M. CHESNEY
United States District Judge