IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMAN SALOMON MYVETT, et al., | No. C-08-5797 MMC |
| Plaintiffs, | **ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO FILE FOURTH AMENDED COMPLAINT; STRIKING FIFTH AMENDED COMPLAINT** |
| v. | |
| LITTON LOAN SERVICING, LP, | |
| Defendant. / | |

Before the Court is plaintiffs' Motion for Leave to File Amended Complaint ("Motion for Leave"), which motion was filed March 6, 2009 and by which plaintiffs seek leave to file their proposed Fourth Amended Complaint ("4AC"). On April 9, 2009, defendant Litton Loan Servicing, LP ("Litton") filed opposition to the Motion for Leave. No reply has been filed. Instead, on April 16, 2009, plaintiffs filed a "Fifth Amended Complaint." Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter appropriate for decision thereon, hereby VACATES the hearing scheduled for May 8, 2009, and rules as follows.

**DISCUSSION**

**A.    Motion for Leave**

Leave to amend should be freely given when justice so requires. See Fed. R. Civ. P. 15(a)(2). "[F]our factors are commonly used" in determining whether leave to amend is

appropriate, specifically, "bad faith, undue delay, prejudice to the opposing party, and futility of amendment." See DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987). The factors, however, "are not of equal weight in that delay, by itself, is insufficient to justify denial of leave to amend," see id., and "it is the consideration of prejudice to the opposing party that carries the greatest weight," see Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003); see also DCD Programs, 833 F.2d at 187 (noting "[t]he party opposing amendment bears the burden of showing prejudice").

Here, Litton does not assert it will be prejudiced by the timing of plaintiffs' proposed amendment, nor does Litton assert the proposed amendment is brought in bad faith or that plaintiffs unduly delayed in seeking leave to amend. Rather, Litton argues that the proposed 4AC "relates largely to loan origination issues, which do not apply to Litton as merely the loan servicer, not lender" and that the proposed 4AC "still contains pleading deficiencies pointed out in Litton's previously filed Motion to Dismiss."[1] (See Opp'n at 1:9-11.) Litton has failed to show, however, the proposed amendment is futile. In particular, even assuming, arguendo, plaintiffs' First Amended Complaint ("FAC") was deficient for the reasons stated in Litton's motion to dismiss, the proposed 4AC contains numerous factual allegations that were not present in the FAC, and Litton has failed to demonstrate no such allegation is sufficient to state a claim. See Miller v. Rykoff-Sexton, Inc., 845 F.2d 209, 214 (9th Cir. 1988) (holding "a proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense").

Accordingly, plaintiffs' Motion for Leave will be granted.[2]

//

---

[1] Litton's previously filed motion to dismiss was directed to plaintiffs' First Amended Complaint. On February 19, 2009, in light of plaintiffs' having filed a Second Amended Complaint, the Court denied the motion without prejudice. (See Order filed Feb. 19, 2009 at 3.)

[2] In its opposition to the Motion for Leave, Litton requests "at least thirty days" to move to dismiss "in the event [the Court] grants [p]laintiffs' motion." Good cause appearing, such request will be granted.

**B.     Fifth Amended Complaint**

Plaintiffs have not filed a motion for leave to file their 5AC, nor have plaintiffs filed a stipulation indicating Litton has consented to the filing thereof.  See Fed. R. Civ. P. 15(a)(2) (providing, after party has amended its pleading once, "a party may amend its pleading only with the opposing party's written consent or the court's leave").  A party may file only one amended complaint without leave of court.  As noted, plaintiffs availed themselves of that one opportunity when they filed their FAC.

Accordingly, the 5AC will be stricken.

## CONCLUSION

For the reasons stated above:

1. Plaintiffs' Motion for Leave is hereby GRANTED, and plaintiffs' 4AC, submitted as a Proposed 4AC on March 20, 2009, is hereby deemed filed as of the date of this order.

2. Plaintiffs' 5AC is hereby STRICKEN.

3. Litton shall respond to plaintiffs' 4AC no later than June 1, 2009.

**IT IS SO ORDERED.**

Dated:  May 1, 2009

MAXINE M. CHESNEY
United States District Judge