IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMAN SALOMON MYVETT, et al., | No. C-08-5797 MMC |
| Plaintiffs, | **ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTIONS TO DISMISS AND TO STRIKE** |
| v. | |
| LITTON LOAN SERVICING, LP, et al., | |
| Defendants. | |

Before the Court are defendant Litton Loan Servicing, LP's ("Litton") motions, each filed June 1, 2009, to dismiss plaintiffs' Fourth Amended Complaint ("4AC") and to strike portions thereof. Plaintiffs have filed a single opposition, to which Litton has filed a single reply.[1] Having read and considered the papers filed in support of and in opposition to the motions, the Court deems the matters appropriate for decision thereon, hereby VACATES the hearings scheduled for July 24, 2009, and rules as follows.

1. To the extent Litton seeks dismissal of plaintiffs' "First Claim for Relief" ("Fraud") and "Second Cause of Action" ("Cancellation of Instruments"), Litton's motion to dismiss, for the reasons stated therein, is hereby GRANTED, and such claims are hereby

---

[1] Although plaintiffs' opposition was filed July 8, 2009 and thus was untimely, see Civ. L.R. 7-3(a) (providing "[a]ny opposition to a motion must be served and filed not less than 21 days before the hearing date"), the Court, in its discretion, has considered such opposition.

DISMISSED.[2]

    2. With respect to plaintiffs' "Third Cause of Action" ("Tresspassing"), plaintiffs have failed to show such claim shares a "common nucleus of operative fact" with any claim over which the Court has original jurisdiction, and, consequently, plaintiffs have failed to show the Court has supplemental jurisdiction over such claim. See 28 U.S.C. § 1367(a) (providing "district courts shall have supplemental jurisdiction over all . . . claims that are so related to claims in the action within [the Court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution"); Bahrampour v. Lampert, 356 F.3d 969, 978 (9th Cir. 2004) (holding "[a] state law claim is part of the same case or controversy when it shares a common nucleus of operative fact with the federal claims") (internal quotation and citation omitted). Accordingly, plaintiffs' Third Cause of Action is hereby DISMISSED without prejudice.

    3. To the extent Litton seeks an order striking plaintiffs' prayer for exemplary damages (see 4AC at 22:22-24), Litton's motion to strike, for the reasons stated therein, is hereby GRANTED, and such prayer is hereby STRICKEN.

    4. In all other respects, Litton's motions are, in each instance, hereby DENIED as moot in light of the above rulings.

    5. Plaintiffs may file, no later than August 14, 2009, a Fifth Amended Complaint.

    6. The Court notes that subject matter jurisdiction over the instant action is premised on plaintiffs' having alleged a claim arising under federal law. Although plaintiffs' 4AC appears to attempt to plead claims under the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, et seq., and the Fair Debt Collection Practice Act ("FDCPA"), 15 U.S.C. § 1692, et seq., any such claims are not identified in the section of plaintiffs' 4AC in which plaintiffs set forth their "Causes of Action" and "Claims for Relief." In any Fifth Amended Complaint, plaintiffs shall label and number each claim as a separate Cause of Action and shall plead

---

[2] Concurrently with its motions to dismiss and to strike, Litton filed a Request for Judicial Notice. No opposition having been filed, and good cause appearing, the request is hereby GRANTED.

under each such Cause of Action all of the facts plaintiffs believe support such Cause of Action.

**IT IS SO ORDERED.**

Dated: July 20, 2009

                                                MAXINE M. CHESNEY
                                                United States District Judge