IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMAN SALOMON MYVETT, et al., | No. C-08-5797 MMC |
| Plaintiffs, | **ORDER DISCHARGING ORDER TO SHOW CAUSE; SETTING HEARING ON DEFENDANT LITTON'S MOTION TO DISMISS; CONTINUING CASE MANAGEMENT CONFERENCE; SETTING DEADLINE FOR PLAINTIFFS TO SERVE PARKER PACIFIC INVESTMENTS, L.P., AND TO FILE PROOF OF SUCH SERVICE** |
| v. | |
| LITTON LOAN SERVICING, L.P., et al., | |
| Defendants | |

Before the Court is plaintiffs' response, filed October 14, 2009, to the Court's October 2, 2009 order directing plaintiffs to show cause why their late-filed opposition to defendant Litton Loan Servicing LP's ("Litton") motion to dismiss should not be stricken.

In their response, plaintiffs state that plaintiff Deman Salomon Myvett miscalendared the date on which plaintiffs' opposition was due. Although plaintiffs fail to elaborate on the reason for the miscalendaring, and what steps plaintiffs have taken to avoid such errors in the future, the Court nonetheless will exercise its discretion not to strike plaintiffs' late-filed opposition, and, accordingly, the order to show cause is hereby DISCHARGED.

Further, the Court hereby SETS a hearing on Litton's motion to dismiss; specifically, the motion will be heard on February 5, 2010, at 9:00 a.m.

//

Additionally, in light of the pendency of Litton's motion to dismiss, the Case Management Conference is hereby CONTINUED from January 15, 2010 to March 26, 2010. A Joint Case Management Statement shall be filed no later than March 19, 2010.

Finally, the Court notes that although plaintiffs, in their Fourth Amended Complaint ("4AC"), have named Parker Pacific Investment, L.P. ("Parker Pacific") as a defendant, a review of the docket indicates that plaintiffs have failed to file proof of service of a summons and the operative complaint on said defendant.[1] "If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or its own initiative, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified period . . . ." Fed. R. Civ. P. 4(m). Here, considerably more than 120 days have passed since the filing of the 4AC on May 1, 2009.

Accordingly, pursuant to Rule 4(m), the Court hereby DIRECTS plaintiffs to serve Parker Pacific no later than January 22, 2010, and to file, no later than January 27, 2010, proof of such service. If plaintiffs fail to timely file such proof of service, the Court will dismiss the instant action as against Parker Pacific, without prejudice, pursuant to Rule 4(m).

**IT IS SO ORDERED.**

Dated: December 31, 2009

MAXINE M. CHESNEY
United States District Judge

---

[1] Prior to its having been named as a defendant hereto, Parker Pacific, on February 23, 2009, appeared herein for the limited purpose of seeking an order expunging a Notice of Pendency of Action plaintiffs had recorded with the County of San Mateo.