IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMAN SALOMON MYVETT REGINA AGUIRE MYVETT, <br><br> Plaintiffs, <br><br> v. <br><br> LITTON LOAN SERVICING, LP; PARKER PACIFIC INVESTMENTS, L.P., <br><br> Defendants. | Case No. CV-08-5797 MMC <br><br> **ORDER GRANTING IN PART WITH LEAVE TO AMEND AND IN PART WITHOUT LEAVE TO AMEND DEFENDANT LITTON'S MOTION TO DISMISS; DENYING MOTION TO STRIKE AS MOOT** |

**INTRODUCTION**

Before the Court are defendant Litton Loan Servicing, LP's ("Litton") Motion to Dismiss plaintiffs' Fifth Amended Complaint ("5AC") and Motion to Strike portions thereof, each filed September 3, 2009.[1]  Plaintiffs have filed a single opposition,[2] to which Litton has filed a single reply.  Having read and considered the papers filed in support of and in opposition to the motions, the Court hereby rules as follows.

---

[1] Concurrently with its motions to dismiss and to strike, Litton filed a Request for Judicial Notice ("RJN").  No opposition having been filed, and good cause appearing, the request is hereby GRANTED.

[2] As Lytton correctly notes, plaintiffs' opposition was not timely filed.  Although plaintiffs' opposition to Lytton's prior motion to dismiss likewise was untimely, the Court, in its discretion, has considered each such opposition.  Plaintiffs are hereby ADVISED, however, that any future untimely filing will, in all likelihood, be stricken.

## BACKGROUND

The following facts are taken from the 5AC: On December 22, 2005, plaintiffs obtained a loan in the amount of $596,750 from Fremont Investment & Loan (the "loan"). (See 5AC ¶ 15, 22.) The loan was secured by plaintiffs' residence at 131 Camaritas Ave, South San Francisco, California (the "property"). (See id. ¶ 1.) The servicing of the loan was transferred "without required notice." (See id. ¶ 56.) Plaintiffs made payments on the loan to Litton, but "believe[d] that [those] payments were misapplied"; plaintiffs "questioned the misapplications," but "have "never been given a satisfactory accounting." (See id. ¶ 37.) On March 27, 2008 a Notice of Default was recorded. (See id. ¶ 24.) On May 1, 2008 the Deed of Trust was assigned to U.S. Bank National Association as Trustee. (See id. ¶ 20.) On May 8, 2008, the assignment was recorded. (See id.) The Notice of Trustee's Sale listed a different entity as Trustee, but plaintiffs never were served with a Substitution of Trustee. (See id. ¶ 21.) The property was sold at a foreclosure sale to Parker Pacific Investments, L.P. ("Parker Pacific"). (See id. ¶ 14.)

On August 14, 2009 plaintiffs filed their 5AC, alleging, as against Lytton, the following seven Causes of Action: (1) violation of the Truth in Lending Act ("TILA"), 15 U.S.C.A. § 1601, et seq. (First Cause of Action); (2) violation of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601, et seq. (Second Cause of Action)[3] ; (3) violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C.A. § 1692, et seq. and violation of the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), Cal. Civ. Code § 1788, et seq. (Third Cause of Action); (4) breach of the implied covenant of good faith and fair dealing (Fourth Cause of Action), (5) quiet title (Fifth Cause of Action), (6) declaratory relief (Sixth Cause of Action), and (7) trespassing (Seventh Cause of Action).

By the instant motions, Litton seeks, pursuant to Rules 8 and 12(b)(6) of the Federal Rules of Civil Procedure, dismissal of each of the above-referenced claims, as well as an

---

[3]In the 5AC, plaintiffs incorrectly cite to RESPA as "26 U.S.C. § 2601, et seq."

order striking portions thereof.

## LEGAL STANDARD

In lieu of an answer, a party to a civil action may file a motion to dismiss and/or a motion to strike. Under Rule 12(b), a complaint is subject to dismissal for "failure to state a claim on which relief can be granted." See Fed. R. Civ. P. 12(b)(6).  Under Rule 12(f), a party may move for an order striking from the complaint "any redundant, immaterial, impertinent, or scandalous matter."  See Fed. R. Civ. P. 12(f)(2).

Dismissal under Rule 12(b)(6) can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.  See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).  Rule 8(a)(2), however, "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" See Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2)).  Consequently, "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations."  See id.  Nonetheless, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  See id. (internal quotation, citation, and alteration omitted).

In analyzing a motion, a district court must accept as true all material allegations in the complaint, and construe them in the light most favorable to the nonmoving party.  See NL Industries, Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986).  "To survive a motion to dismiss, a complaint must contain sufficient factual material, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570).  "Factual allegations must be enough to raise a right to relief above the speculative level[.]"  Twombly, 550 U.S. at 555.  Courts "are not bound to accept as true a legal conclusion couched as a factual allegation."  See Iqbal, 129 S. Ct. at 1950 (internal quotation and citation omitted).

//

//

**DISCUSSION**

**I.  Motion to Dismiss**

    **A.  Federal Claims**

The Court first considers plaintiffs' federal claims, which, as noted, are set forth in plaintiffs' first three causes of action.

    **1.  TILA**

Plaintiffs, in their First Cause of Action, allege Litton is in violation of TILA; as relief, plaintiffs seek both damages and recission of the loan. (See 5AC ¶ 46-52.) Litton argues the First Cause of Action is subject to dismissal, for the reasons that TILA does not apply to Litton, who is only alleged to have serviced the loan (see id. ¶ 37) and, in any event, because plaintiffs' TILA claim is barred by the applicable statutes of limitations.

Although an assignee of a mortgage may be held liable for a violation of TILA, see 15 U.S.C. § 1641(d)(1), "[a] servicer of a consumer obligation arising from a consumer credit transaction" is "not [ ] treated as an assignee of such obligation for purposes of [TILA] unless the servicer is or was the owner of the obligation," see 15 U.S.C. § 1641(f); see also Distor v. U.S. Bank NA, 2009 WL 3429700 at *3 (N.D. Cal. 2009) (finding dismissal of defendant servicer proper in TILA action where plaintiff failed to allege servicer had at any time owned loan at issue therein). Here, plaintiffs do not allege Litton ever owned the subject loan. Consequently, plaintiffs have failed to state a claim against Litton under TILA.

Moreover, even if Litton could be held liable under TILA as a servicer, plaintiffs' claim would be time-barred. A claim for damages under TILA must be brought within one year of "the date of the occurrence of the violation." See 15 U.S.C. § 1640(e). Plaintiffs' obtained the subject loan on December 22, 2005 and the Deed of Trust was executed on that date (See 5AC ¶ 15; see also RJN Ex. A.) Plaintiffs initial complaint in this action was not filed until December 31, 2008, and, consequently was not timely filed. See Meyer v. Ameriquest Mortg. Co., 342 F.3d 899, 902 (9th Cir. 2003) (finding, for purposes of calculating period of limitations under 15 U.S.C. § 1640(e), "[t]he failure to make the

4

required disclosures occurred, if at all, at the time the loan documents were signed"). Although equitable tolling is applicable to a claim brought under TILA, such tolling is only appropriate until the time "the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action." See King v. State of Cal., 784 F.2d 910, 915 (9th Cir. 1986). Here, plaintiffs have alleged no facts to support a claim for equitable tolling. In particular, plaintiffs have not alleged facts supporting a finding of delayed discovery, let alone a lack of reasonable opportunity to discover. Indeed, in describing the nature of the misrepresentation, plaintiffs allege that the terms of the loan differed from the "estimate" they had received earlier and that they "questioned" those "discrepancies." (See 5AC ¶ 36.)

Lastly, because the property has been sold in a foreclosure sale, plaintiffs' claim under TILA for rescission of the loan is barred. See 15 U.S.C. § 1635(f) (providing "[a]n obligor's right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first"); see also Distor, 2009 WL 3429700 at *9 (noting "because the property has been sold, plaintiffs' rescission claim must necessarily fail, even though the sale was an involuntary foreclosure sale") (collecting cases).

Accordingly, Litton's motion to dismiss plaintiffs' First Cause of Action will be granted without leave to amend.

**2. RESPA**

In their Second Cause of Action, plaintiffs allege Litton violated RESPA by (1) "plac[ing] loans for the purpose of unlawfully increasing and otherwise obtaining yield spread fees and amounts in excess of what would have lawfully earned," and (2) violating 12 U.S.C. § 2605(b) by "transfer[ing] or hypothecat[ing]" the loan servicing contract or duties "without required notice." (See 5AC ¶¶ 53-59.) Litton argues that (1) as an alleged servicer of the subject loan, and, indeed, a servicer of a subsequent beneficiary/assignee, Litton could not have taken part in the loan's "placement," and (2) plaintiffs' claims under RESPA are barred by the applicable statute of limitations.

5

To the extent plaintiffs' RESPA claim is based on an allegation that the subject loan was placed for an unlawful purpose, the claim fails. Not only have plaintiffs failed to allege a statute under RESPA that would apply to such alleged conduct, plaintiffs have alleged no facts supporting their contention that Litton played any role in the placement of the loan. Indeed, plaintiffs allege they obtained the loan from "Fremont Investment & Loan." (See 5AC ¶ 22); see also Iqbal, 129 S. Ct. at 1949 (holding "a complaint must contain sufficient factual material, accepted as true, to state a claim to relief that is plausible on its face") (internal quotation and citation omitted). Additionally, as Litton correctly points out, the applicable statute of limitations provides that a claim under § 2605 must be brought "within 3 years . . . of the date of the occurrence of the violation." See 12 U.S.C. § 2614.[4]

To the extent plaintiffs' RESPA claim is based on a violation of § 2605(b), however, Litton's argument is less persuasive. In their 5AC, plaintiffs' allege that "the servicing contract or duties thereunder were transferred . . . without required notice." (See 5AC ¶ 56.) RESPA provides that "each servicer of any federally related mortgage loan shall notify the borrower in writing of any assignment, sale, or transfer of the servicing of the loan to any other person." See 12 U.S.C. § 2605(b). Litton makes no argument that such provision is inapplicable to a subsequent servicer such as Litton. Moreover, Litton's reliance on the statute of limitations is unavailing, as plaintiffs do not allege the date on which the loan servicing contract was assigned, and, consequently, depending on the date of such assignment, plaintiffs' claim may or may not be time-barred.[5] As noted, however, "[f]actual allegations must be enough to raise a right to relief above the specualtive level." See Iqbal, 129 S. Ct. at 1950. Plaintiffs cannot avoid the statute of limitations by omitting the date of the alleged violation from their complaint.

Accordingly, Litton's motion to dismiss plaintiffs' Second Cause of Action will be

---

[4] The limitations period provided by § 2614 is one year for RESPA violations alleged under §§ 2607 and 2608. See 12 U.S.C. § 2614.

[5] Litton's Request for Judicial Notice contains no document reflecting the date of assignment.

granted, and plaintiffs will be afforded an opportunity to amend to plead the date of the violation alleged under § 2605(b).

### 3. FDCPA

In their Third Cause of Action, plaintiffs allege Litton violated the FDCPA, as well as the RFDCPA, by failing to respond after plaintiffs "requested validation of the debt." (See 5AC ¶¶ 62, 63.) Litton argues the Third Cause of Action is subject to dismissal under Rule 8, for failure to give fair notice of the statute, the defendant, and the conduct to which plaintiffs refer.[6]

Section 1692g provides, with limited exception, that "after the initial communication with a consumer in connection with the collection of any debt," a debt collector[7] shall send to the consumer within 5 days of such communication a written notice providing detailed information concerning the debt and the consumer's right to dispute, in writing and within thirty days of such notice, the validity of the debt. See 15 U.S.C. § 1692g(a). Section 1692g additionally provides that upon receipt of the consumer's written dispute, the debt collector shall cease collection until the debt collector has verified the debt and mailed such verification to the consumer. See 15 U.S.C. § 1692g(b).

The Court agrees with Litton that plaintiffs' allegations are not fully in compliance with Rule 8. Although plaintiffs have adequately identified Litton as the sole defendant to such cause of action,[8] the balance of plaintiffs' claim is ambiguous. To the extent plaintiffs are relying on § 1692g(a), plaintiffs allege no conduct supporting such a violation. To the extent plaintiffs are relying on § 1692g(b), plaintiffs' description of the violation thereunder is silent both as to the date(s) on which plaintiffs "requested validation" and the manner in

---

[6] Litton's motion to dismiss plaintiffs' claim for violation of the RFDCPA will be addressed below in the Court's discussion of plaintiffs' state law claims.

[7] Plaintiffs' allege, and Litton does not contest, that Litton is a "debt collector" as defined under both the FDCPA and the RFDCPA.

[8] Plaintiffs name a total of two entities as defendants to their 5AC and state their Third Cause of Action is brought "against all defendants except Parker Pacific." (See 5AC at 1:18-20; 151-5.)

which any such request was made.

Accordingly, to the extent plaintiffs' Third Cause of Action is based on the FDCPA, Litton's motion to dismiss will be granted, and plaintiffs will be afforded an opportunity to amend to cure the deficiencies noted.

### B. State Law Claims

The Court next turns to plaintiffs' state law claims, which, as noted, are set forth in plaintiffs third through seventh causes of action.

#### 1. RFDCPA

Plaintiffs' Third Cause of Action includes a state law claim under the RFDCPA. The RFDCPA incorporates 15 U.S.C. § 1692g of the FDCPA, the statute upon which, as discussed above, plaintiffs Third Cause of Action is based, see Cal. Civ. Code § 1788.17; Litton makes no distinction between the FDCPA and RFDCPA for purposes of its arguments in support of dismissal.

Accordingly, for the reasons stated above with respect the plaintiffs' FDCPA claim, Litton's motion to dismiss plaintiffs' Third Cause of Action will be granted to the extent it is based on the RFDCPA, and plaintiffs will be afforded an opportunity to amend to cure the deficiencies noted.

#### 2. Breach of Implied Covenant of Good Faith and Fair Dealing

Plaintiffs' Fourth Cause of Action alleges that Litton breached the implied covenant of good faith and fair dealing by failing to "safeguard, protect or otherwise care for the assets and/or rights of plaintiffs," and, specifically, by "the foreclosure . . . without the production of documents demonstrating the lawful rights for said foreclosure." (See 5AC ¶ 66, 67.)

"The prerequisite for any action for breach of the implied covenant of good faith and fair dealing is the existence of a contractual relationship between the parties, since the covenant is an implied term in the contract." See Smith v. City & County of San Francisco, 225 Cal. App. 3d 38, 49 (1990). As Litton points out, plaintiffs have not alleged the existence of any contract between plaintiffs and Litton, let alone that Litton was a party to

8

the subject loan agreement. Indeed, as discussed above, plaintiffs' allegations make clear that Litton was not a party to any such agreement.

Accordingly, Litton's motion to dismiss plaintiffs' Fourth Cause of Action will be granted without leave to amend.

### 3. Quiet Title

In their Fifth Cause of Action, plaintiffs seek a declaration quieting title to the subject property, alleging, Litton has "wrongfully interfered with plaintiffs' use and enjoyment" thereof by causing them to be "dispossessed" of such property. (See 5AC ¶ 73.)

Where a "property has already been foreclosed upon and sold, [the] plaintiff must first challenge the foreclosure" before seeking a change of title." See Distor, 2009 WL 3429700 at *6 (internal quotation and citation omitted). Here, plaintiffs claim to the property is extinguished as they allege and admit the property has been sold; consequently, plaintiffs' action to quiet title necessarily fails. See id. (noting "quiet title claim is an improper means to challenge foreclosure"); see also Aguilar v. Bocci, 39 Cal. App. 3d 475, 477 91974) (holding party cannot clear title "without discharging his debt").

Accordingly, Litton's motion to dismiss plaintiffs' Fifth Cause of Action will be granted without leave to amend and without prejudice.

### 4. Declaratory Relief

Plaintiffs Sixth Cause of Action, by which plaintiffs seek declaratory relief, is essentially derivative of plaintiffs' first through fifth causes of action. Consequently, to the extent plaintiffs seek declarations with respect to their contractual rights, plaintiffs claim fails as against Litton, as plaintiffs have failed to plead the existence of any contract with Litton. To the extent plaintiffs seek a declaration that the foreclosure of the subject property was procedurally improper, the claim likewise fails, as plaintiffs have failed to plead facts sufficient to show any such violation on the part of Litton.

Accordingly, Litton's motion to dismiss plaintiffs' Sixth Cause of Action will be granted, and plaintiffs will be afforded an opportunity to cure the deficiencies noted.

**5. Trespass**

Plaintiffs, in their Seventh Cause of Action, allege that "[o]n or about January 2009, defendants, without the consent or authority and against the will of the plaintiffs entered onto the subject property." (See 5AC at 20:12-15.) As Litton points out, plaintiffs' trespass claim is subject to dismissal, because the 5AC does not allege any facts showing how or in what manner Litton trespassed on plaintiffs' property or whether plaintiffs owned the property at the time of the alleged trespass. See Iqbal, 129 S. Ct. at 1950 (holding courts "are not bound to accept as true a legal conclusion couched as a factual allegation") (internal quotation and citation omitted).

Plaintiffs' prior trespass claim, as set forth in plaintiffs' 4AC, likewise was deficient, and those deficiencies were identified in the Court's prior order of dismissal. (See Order filed July 20, 2009, at 2.) In particular, the Court informed plaintiffs that plaintiffs had failed to plead sufficient facts to demonstrate their trespass claim shared a "common nucleus of operative fact" with plaintiffs' federal claims. (See id.) Plaintiffs' trespass claim as currently pleaded is essentially identical to plaintiffs' trespass claim as set forth in plaintiffs' 4AC.

Accordingly, Litton's motion to dismiss plaintiffs' Seventh Cause of Action will be granted, and plaintiffs will be afforded one further opportunity to cure the deficiencies noted.

**II. Motion to Strike**

By its motion to strike, Litton seeks an order striking from the 5AC numerous paragraphs in which plaintiffs allege fraudulent conduct and/or request punitive or treble damages. As discussed above, all of plaintiffs' claims have been dismissed.

Accordingly, Litton's motion to strike will be denied as moot.

**CONCLUSION**

For the reasons stated above:

1. Defendant's Motion to Dismiss is hereby GRANTED and plaintiffs' First through Seventh Causes of Action are hereby DISMISSED as follows:

    a. Plaintiffs' First (Violation of TILA) and Fourth (Breach of Implied Covenant) Causes of Action are dismissed without leave to amend.

    b. Plaintiffs' Second Cause of Action (RESPA) is dismissed without leave to amend to the extent such cause of action is based on improper placement of loans and with leave to amend to the extent such cause of action is based on a failure to comply with the requirements of 12 U.S.C. § 2605(b).

    c. Plaintiffs' Third (Violation of FDCPA and RFDCPA), Sixth (Declaratory Relief), and Seventh (Trespass) Causes of Action are dismissed with leave to amend.

    d. Plaintiffs' Fifth Cause of Action (Quiet Title) is dismissed without leave to amend and without prejudice.

  2. Defendant's Motion to Strike is hereby DENIED as moot.

  3. Plaintiffs' Sixth Amended Complaint, if any, shall be filed no later than April 2, 2010.

  4. By separate order filed concurrently herewith, defendant Parker Pacific has been dismissed from the action. Accordingly, should plaintiffs choose to file a Sixth Amended Complaint, such amended complaint shall be limited to plaintiffs' claims against Litton and shall not allege claims against any other defendant.

  **IT IS SO ORDERED.**

Dated: March 3, 2010

                     _____
                     MAXINE M. CHESNEY
                     United States District Judge